[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE JUDGMENT
The court heard argument in support of the Motion to Set Aside Judgment and finds it necessary to respond in the form of a written decision.
 I
Contrary to the defendant's claim, the court did not disregard the receipts signed by the plaintiff. The court did conclude that the defendant Cam took advantage of the plaintiff's mental condition and susceptibility to get him to sign #08751, the "consignment" form.
With respect to #01901 and #01902, the court believes the testimony of the plaintiff and his brother that all the objects had been packed before their arrival.
Though the plaintiff's signatures on #01901 and #01902 are inconsistent with his testimony that the received only 11 boxes (though numbered 1-12, #11 was missing), the court believed that testimony from the plaintiff and his brother.
 II
The defendants also re-argue that in accordance with Coburnv. Raymond, 76 Conn. 484 (1904), the fact that William Finnell "stood by and let it happen," i.e., permitting his brother to take delivery of the artifacts, there is a presumption in favor of the plaintiff's competency and the existence of a valid contract.
There are two serious weaknesses to this argument. First, CT Page 14699 William Finnell was present only on the day his brother took possession of the 11 boxes. Michael Finnell's checks for over $40,000 had already been cashed by the defendants and the proceeds pocketed.
Further, Coburn invoked the doctrine of estoppel to preclude an heir from asserting incompetency of the deceased because the heir stood to profit from the voiding of the contract. In other words, having stood by while a transaction from which she profited took place, she could not now disown her prior inaction. William Finnell is in no such a relationship with his brother and the defendants, nor have the defendants claimed he is.
 III
The defendant also argues that the court erred in concluding that the art objects in ' the possession of Mr. Perlmutter were those appraised and were those "sold" to the plaintiff. The existence of two baskets, neither appraised nor identified by the parties, is deemed significant.
The court disagrees, reminding the defendants that, as stated by counsel, this case is really all about credibility.
The court believes the plaintiff retained everything he accepted from the defendant, that he made that available for appraisal and that the items were then impounded in Attorney Perlmutter's basement.
The defendants stipulated that the pottery they examined in the Perlmutter's basement are the ones appraised. The court does not believe this plaintiff or his counsel acquired a batch of items or substituted them, or did anything else so devious.
As for the two items appraised but not appearing on the plaintiff's inventory made shortly after the purchase, it would appear the plaintiff's inventory was incomplete. It does not follow that items are missing.
 Conclusion
The defendants' Motion to Set Aside Judgment is denied.
Anthony V. DeMayo Judge Trial Referee CT Page 14700
CT Page 14700